IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| HELENA AGRI-ENTERPRISES, LLC,<br>a Delaware Limited Liability Company )<br><br>Plaintiff )<br><br>v. )<br><br>VA7, LLC,<br>a Virginia Limited Liability Company, )<br><br>and )<br><br>MEGAN V. LONG, )<br><br>and )<br><br>STEPHEN M. LONG, )<br><br>Defendants. ) | Civil Action No. ___5:22-cv-00015___ |

## **COMPLAINT**

Plaintiff Helena Agri-Enterprises, LLC, ("Plaintiff"), by counsel, for its Complaint against

VA 7, LLC ("VA7"), Megan V. Long ("Megan Long"), and Stephen M. Long ("Stephen M.

Long"), states as follows:

### **NATURE OF THE ACTION**

1.    This is an action to collect the deficiency balance owed on a Credit Sales and

Services Agreement and Promissory Note entered into by Plaintiff and VA7 and guaranteed by

Megan Long and Stephen Long.

### **PARTIES, JURISDICTION AND VENUE**

2.    Plaintiff is a limited liability company organized and existing under the laws of the

State of Delaware, with its principal place of business located in Collierville, Tennessee.

3.      VA7 is a limited liability company organized and existing under the laws of the State of Virginia, with its principal place of business located in New Market, Virginia.

4.      Megan Long is a natural person who, upon information and belief, resides in New Market, Virginia.

5.      Stephen Long is a natural person who, upon information and belief, resides in New Market, Virginia.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and there is complete diversity of citizenship between and among the parties.

7.      Without limitation, this Court may exercise personal jurisdiction over the Defendants pursuant to Va. Code §§ 8.01-328.1(1)(2) & (6), as the Defendants each transact business and have contracted to supply services from within the Commonwealth, and each have an interest in, use, or possess real property within the Commonwealth.

8.      Venue is appropriate in the Harrisonburg Division (the "Division") of the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) because a substantial portion of events giving rise to this action occurred within this Division and because all Defendants either reside within this Division or have the principal place of business within the Division.

## BACKGROUND FACTS

9.      On or about March 23, 2020, VA7 entered into a Credit Sales and Services Agreement (the "Agreement") for a maximum credit amount of Two Hundred Thousand and No/100 Dollars ($200,000.00) for purchases of products from Plaintiff.  A true and accurate copy of the Agreement is attached as **Exhibit A**.

10.     The Agreement is to be paid based upon monthly statements, with interest accruing on a monthly basis, calculated at a rate of one and one-half percent (1.5%) for an annual percentage rate of 18%. (the "Finance Charge").

11.     The Agreement requires that VA7 shall be responsible for all costs and attorney's fees incurred by Plaintiff should VA7 fail to make the payments pursuant to the Agreement.

12.     On March 23, 2020, Megan Long and Stephen Long executed a Guaranty Agreement (the "Guaranty"), unconditionally guaranteeing the Agreement, including all "indebtedness, obligations, and liabilities" of VA7 to Plaintiff "of any character, now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several or of any other nature, including, without limitation, the extension of credit…", plus any accrued unpaid interest, and costs and expenses, including but not limited to reasonable attorneys' fees incurred by Plaintiffs in collecting and/or enforcing the Guaranty.  A true and accurate copy of the Guaranty is attached as **Exhibit B**.

13.     Beginning in May 2021, VA7 failed to make timely payments pursuant to the terms of the Agreement.

14.     As a result, Defendants are in default of the Agreement and Guaranty.

15.     On December 20, 2021, Plaintiff provided a notice (the "Notice") of default to VA7 and made demand for payment of the outstanding balance due and owing under the Agreement to Plaintiff to be paid, in full, by January 4, 2022 (the "Due Date"). A true and accurate copy of the Notice is attached as **Exhibit C**.

16.     As of December 20, 2021, and as identified in the Notice, VA7 owed Plaintiff One Hundred Four Thousand Five Hundred Thirty-One & 84/100 Dollars ($104,531.84) (the "December Outstanding Balance").

17. VA7 failed to pay the December Outstanding Balance as identified in the Notice on or before the Due Date.

18. On January 18, 2022, VA7 entered into a Promissory Note with Plaintiff in the amount of One Hundred Three Thousand Five Hundred Thirty One & 84/100 Dollars ($103,531.84) (the "Note"). A true and accurate copy of the Promissory Note is attached as **Exhibit D**.

19. The Note called for bi-monthly payments in the amount of Seventeen Thousand Two Hundred Fifty Five & 31/100 Dollars ($17,255.31), beginning on February 1, 2022, until final payment on April 15, 2022.

20. The Note required that VA7 shall pay all costs of collection and litigation as well as reasonable attorney's fees.

21. Failure to make a payment under the Note constitutes an "Event of Default." Accordingly, upon an Event of Default, "the remaining amount of the principal of this Promissory Note with all interest then accrued and all other obligations of the undersigned to" Plaintiffs shall become due and payable, without notice or demand, at the option of Plaintiff.

22. VA7 failed to pay the full payment due on February 1, 2022, pursuant to the Note.

23. As a result, VA7 is in default of the Note and the Agreement.

24. On February 8, 2022 VA7 made partial payment of Seven Thousand & 00/100 ($7,000.00) under the Note.

25. As of the date of this Complaint, VA7 owes Plaintiff Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84) (the "Account Balance") pursuant to the Agreement as well as the Note.

26.     Also, pursuant to the terms of the Agreement, the Note, and the Guaranty, the Defendants owe Plaintiff's costs and reasonable attorneys' fees incurred in the collection and/or enforcement of the Agreement and/or Guaranty and/or Note.

27.     Plaintiff has satisfied all conditions precedent under the Agreement, Guaranty, and Note.

**COUNT I**
**BREACH OF CONTRACT – THE AGREEMENT AND THE NOTE**
**VA7**

28.     Plaintiff incorporates by reference all allegations set forth above as if fully set forth herein.

29.     VA7 entered into the Agreement and the Note wherein it obligated itself to make certain payments.

30.     VA7 defaulted on the Agreement and the Note by failing to make timely payments (the "Default").

31.     By virtue of the Default, Plaintiff is entitled to declare any and all outstanding amounts immediately due and payable.

32.     Pursuant to the Notice, Plaintiff made demand for payment in full of the December Outstanding Balance on or before the Due Date.

33.     VA7 failed to pay the December Outstanding Balance in full, on or before the Due Date.  Thus, VA7 remains in default and in breach of the Agreement.

34.     Similarly, VA7 failed to pay the full payment due on February 1, 2022, pursuant to the Note.  Thus, VA7 remains in default and in breach of the Note

35.     Accordingly, as a direct and proximate result of VA7's default, Plaintiff has sustained damages in an amount not less than Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84)

WHEREFORE, Plaintiff, Helena Agri-Enterprises, LLC requests this Court enter an Order granting:

(i)     Judgment in its favor against VA7 in an amount not less than Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84);

(ii)     Pre-judgment interest at the rate of one and one-half percent (1.5%) per month from May 1, 2021, to judgment;

(iii)     Post-judgment interest at the rate of one and one-half percent (1.5%) per month from the date of judgment until paid in full;

(iv)     Reasonable attorneys' fees and costs incurred herein, pursuant to the terms of the Agreement; and

(v)     Such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF GUARANTY
## MEGAN LONG

36.     Plaintiff incorporates by reference all allegations set forth above as if fully set forth herein.

37.     Megan Long personally guaranteed payment and performance of the Agreement.

38.     Megan Long has breached the Guaranty by failing to remit payments for all amounts due and owing under the Agreement and the Note.

39.    As a direct and proximate result of Megan Long's default, Plaintiff has sustained damages in an amount not less than Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84).

WHEREFORE, Plaintiff, Helena Agri-Enterprises, LLC requests this Court enter an Order granting:

(vi)    Judgment in its favor against Megan Long in an amount not less than Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84) and holding Defendants jointly and severally liable;

(vii)    Pre-judgment interest at the rate of one and one-half percent (1.5%) per month from May 1, 2021, to judgment;

(viii)    Post-judgment interest at the rate of one and one-half percent (1.5%) per month from the date of judgment until paid in full;

(ix)    Reasonable attorneys' fees and costs incurred herein, pursuant to the terms of the Agreement, the Note, and the Guaranty; and

(x)    Such other and further relief as this Court deems just and proper.

## COUNT III
## BREACH OF GUARANTY
## STEPHEN LONG

40.    Plaintiff incorporates by reference all allegations set forth above as if fully set forth herein.

41.    Stephen Long personally guaranteed payment and performance of the Agreement.

42.    Stephen Long has breached the Guaranty by failing to remit payments for all amounts due and owing under the Agreement and the Note.

43.    As a direct and proximate result of Stephen Long's default, Plaintiff has sustained damages in an amount not less than Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84).

WHEREFORE, Plaintiff, Helena Agri-Enterprises, LLC requests this Court enter an Order granting:

(xi)    Judgment in its favor against Stephen Long in an amount not less than Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84) and holding Defendants jointly and severally liable;

(xii)    Pre-judgment interest at the rate of one and one-half percent (1.5%) per month from May 1, 2021, to judgment;

(xiii)    Post-judgment interest at the rate of one and one-half percent (1.5%) per month from the date of judgment until paid in full;

(xiv)    Reasonable attorneys' fees and costs incurred herein, pursuant to the terms of the Agreement, the Note, and the Guaranty; and

(xv)    Such other and further relief as this Court deems just and proper.

Dated: March 18, 2022                    Respectfully submitted,

*/s/ Abigail J. Johansen*
Abigail J. Johansen (VSB No. 93585)
HIRSCHLER FLEISCHER, PC
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:    703.584.2171
Facsimile:    703.584.8901
E-mail:    ajohansen@hirschlerlaw.com

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:    rwestermann@hirschlerlaw.com
                bfalabella@hirschlerlaw.com

*Counsel for Plaintiff Helena Agri-Enterprises, LLC*