IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| HELENA AGRI-ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:22-cv-00015 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VA7, LLC, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

This case arises out of a business deal gone sour. Plaintiff Helena Agri-Enterprises, LLC, ("Helena") helps farms plant and grow their crops. The company provides fertilizers and pesticides to farm owners through services contracts. Helena then outsources the actual application of those substances to subcontractors that often buy the raw materials and rent the needed equipment from Helena. When those subcontractors do not have sufficient cash on hand to make these purchases, Helena offers them loans as financing. Defendant VA7, LLC, ("VA7") is one such subcontractor that has defaulted on one such loan.

Helena filed this lawsuit against VA7 seeking repayment. VA7 and its guarantors, pro se Defendants Megan V. Long and Stephen M. Long (collectively "Defendants"), failed to respond. Helena moved for entry of default, which the clerk granted, and now has moved for default judgment. For the reasons below, Helena's motion for default judgment (ECF No. 9) will be granted.

## I.   BACKGROUND

On or around March 23, 2020, Helena and VA7 entered into a credit agreement (the "Agreement") worth up to $200,000. (*See* ECF No. 1-2, at 2.) VA7 agreed to pay interest on

any amount it borrowed against the Agreement at a monthly rate of up to one and one-half percent (1.5%) for an annual percentage rate of 18%. (*Id.* at 3.) VA7 also agreed to repay any costs and attorneys' fees incurred by Helena to enforce the Agreement. (*Id.*)

On or about that same day, Megan Long and Stephen Long entered into a Guaranty Agreement (the "Guaranty") with Helena to secure the Agreement between VA7 and Helena. (ECF No. 1-3.) In doing so, they "UNCONDITIONALLY AND ABSOLUTELY GUARANTEE[D]" any of VA7's "indebtedness, obligations, and liabilities" to Helena "now existing or hereafter arising." (*Id.* at 2.) They also agreed to repay any costs and attorneys' fees incurred by Helena to enforce the Agreement. (*Id.*)

VA7 failed to make payments to Helena beginning in May 2021. (*See* Decl. of Mark Kellam ¶ 7, May 9, 2022 [ECF No. 9-2].) On December 20, 2021, Helena sent VA7 a notice of default (the "Notice"), explaining that the company's account was "past due in the amount of $104,531.84." (*See* ECF No. 1-4, at 2.) In an effort to resolve the issue cooperatively, Helena and VA7 entered into a Promissory Note (the "Note") on January 18, 2022. (ECF No. 1-5.) The Note's terms required VA7 to repay $103,531.84 in six payments of $17,255.31 on the 1st and 15th of each month between February 1, 2022, and April 15, 2022. (*See id.* at 2.) VA7 missed its first scheduled payment but made a partial payment of $7,000 on February 7, 2022. (Kellam Decl. ¶¶ 12–13.)

On March 18, 2022, Helena filed a complaint against Defendants VA7, Megan V. Long, and Stephen M. Long. (ECF No. 7.) That document alleged three causes of action: a breach of contract claim against VA7 and breach of guaranty claims against each of the Longs. (*Id.* at 5–8.) Helena perfected service on each Defendant on March 24, 2022. (ECF No. 4 (Megan

Long)); (ECF No. 5 (Stephen Long)); (ECF No. 6 (VA7)). Each Defendant's responsive pleading, then, was due to be filed with the court by April 14, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Each Defendant missed that deadline.

On May 4, 2022, Helena moved for entry of default against each Defendant. (ECF No. 7.) Helena attached a document, styled as an "Answer," sent from the Defendants to Plaintiff's counsel. (ECF No. 7-1.) In that document, the Defendants "affirm[ed] the allegations set forth in the Plaintiff's Complaint" and stated that they "do[] not dispute" the same. (*Id.* at 2.) The document included a putative settlement offer for Helena's consideration. (*See id.* at 4.) And Defendants included a heading for "A[f]firmative Defenses," which arguably constitutes an intention to contest the lawsuit and an appearance for purposes of Rule 55. *See Ralph v. Long*, DKC993281, 2001 WL 706034, at *5–6 (D. Md. June 14, 2001); *Tr. Co. Bank v. Tinger-Millford Drapery Co., Inc.*, 119 F.R.D. 21, 22–23 (E.D.N.C. 1987); *see also* 10A Wright & Miller § 2686 (4th ed. 2022) (explaining that a "defendant need not respond directly to the complaint in order to be deemed to have made an appearance. An appearance may arise by implication . . . .") (internal quotation marks omitted). The court had not seen this correspondence until receiving Helena's motion.

The court noticed a hearing for June 9, 2022, in part, to give Defendants a chance to appear and clarify whether they intend to defend this lawsuit. (ECF No. 10.) Defendants requested more time to consider their options, and the court ordered them to clarify their intentions via a court filing due no later than June 20, 2022. (ECF No. 12.) Defendants complied, concluding that they "cannot honorably defend the action." (ECF No. 15, at 1.)

## II.   STANDARD OF REVIEW

"Rule 55(b)(2) authorizes a court to enter default judgment against a properly served defendant who fails to plead or otherwise defend against the allegations in the complaint." *Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012). The award of a default judgment is subject to the district court's discretion. *See, e.g.*, *Leighton v. Homesite Ins. Co. of the Midwest*, No. 2:21cv490, 2022 WL 135920, at *1 (E.D. Va. Jan. 14, 2022); *W. Shore Home, LLC v. Wenz*, No. 5:21-CV-00107, 2021 WL 1601515, at *1 (E.D.N.C. Apr. 23, 2021). No party is entitled to a default judgment as of right. *Reynolds Innovations*, 851 F. Supp. 2d at 962.

## III.   ANALYSIS

Default judgment is appropriate here. Helena properly served each Defendant. (*See* ECF Nos. 4, 5, 6.) Defendants have failed to file a responsive pleading under Rule 12 with the court, despite explicit instructions in the summonses to do so. (*See* ECF No. 4, at 2 ("You also must file your answer or motion with the court."); ECF No. 5, at 2 (same); ECF No. 6, at 2 (same).) The document they sent to Helena's counsel, although it includes a section labeled "A[f]firmative Defenses," explicitly concedes that Helena's allegations are true. (*See* ECF No. 7-1, at 2 ("Defendant affirms the allegations set forth in the Plaintiff's Complaint.").) And they made similar statements in the Notice they filed following the court's June 9, 2022, hearing. (*See, e.g.*, ECF No. 15, at 1 ("We cannot honorably defend the action of a default judgment from the Plaintiff, Helena Agri-Enterprises."); *id.* ("There is nothing more to defend aside from that we, my husband, myself, and VA7, LLC[,] got in over our heads.").)

The court has reviewed the entire record in this case, including the three contracts at issue, an affidavit, and a declaration in support of Helena's allegations, and sees no pragmatic reason to decline to enter a default judgment. (*See* ECF Nos. 1-2, 1-3, 1-5, 9-2, 9-4.)

Before awarding the default judgment, though, the court must ensure that Helena has properly alleged each cause of action. Entry of default does not establish liability. *See Ohio Cent. R.R. Co. v. Cent. Tr. Co.*, 133 U.S. 83, 91 (1890); *see also* 10A Wright & Miller § 2688.1 ("Liability is not deemed established simply because of the default[.]"). Rather, upon an entry of default, the court accepts the complaint's well-pleaded facts as true, and then determines whether the well-pleaded allegations and any evidence submitted support a default judgment on the alleged causes of action. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* 10A Wright & Miller § 2688.1 ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.").

Breach of contract in Virginia requires "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016). All three elements are met here. The court finds that each of the Agreement (ECF No. 1-2), the Guaranty (ECF No. 1-3), and the Note (ECF No. 1-5) is a contract. VA7 breached the Agreement when it missed a payment in May 2021. (*See* Kellam Decl. ¶ 21.) It breached the Note when it missed a payment in February 2022. (*See id.* ¶ 32.) And the Longs are responsible for both of these breaches under the Guaranty's terms. (*See*

ECF No. 1-3, at 2.) The missed payments continue to damage Helena. Accordingly, Helena's complaint states a claim for breach of contract against each Defendant.

To be sure, the Fourth Circuit has repeatedly reaffirmed its preference that cases be resolved on their merits. *See, e.g.*, *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (collecting cases); *United States v. Moradi*, 673 F.2d 725, 727–28 (4th Cir. 1982). But in light of Defendants' decision not to defend this lawsuit and the lack of a persuasive unrelated reason in the record to deny a default judgment, the court will grant Helena's motion.

Finally, the court must calculate damages. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Helena's complaint requests (i) a judgment "holding Defendants jointly and severally liable" and "in an amount not less than Ninety Six Thousand Five Hundred Thirty-One & 84/100 Dollars ($96,531.84)," (ii) "[p]re-judgment interest at the rate of one and one-half percent (1.5%) per month from May 1, 2021, to judgment," (iii) "[p]ost-judgment interest at the rate of one and one-half percent (1.5%) per month from judgment until paid in full," and (iv) "[r]easonable attorneys' fees and costs incurred herein, pursuant to the terms of the Agreement, the Note, and the Guaranty." (ECF No. 1, at 8.)

The court will consider these requests seriatim. The record supports Helena's demand for $96,531.84 in damages. On December 20, 2021, Helena sent a notice to Defendants explaining that VA7's account had an unpaid balance of $104,531.84 and that Megan Long and Stephen Long were guarantors of the Agreement. (*See* ECF No. 1-4, at 2.) VA7 and Helena

subsequently signed the $103,531.84 Note. (*See* ECF No. 1-5.)[1] The judgment sought reflects the unpaid balance remaining on the Note after Defendants' $7,000 payment in February 2022. (*See* Kellam Decl. ¶¶ 13–16.)

The record also supports Helena's demand that the judgment apply jointly and severally to the three Defendants. At the same time VA7 entered its original credit sharing agreement with Helena, Megan Long and Stephen Long guaranteed its loan. (*See* ECF Nos. 1-2, 1-3.) The Guaranty's language is exceptionally broad, covering "all indebtedness, obligations[,] and liabilities of [VA7] to Helena of any kind or character, *now existing or hereafter arising . . . .*" (ECF No. 1-3, at 2 (emphasis added)). The Longs, in other words, signed the Guaranty in connection with the Application, and the Guaranty's terms also cover the later-signed Note. As a result, the Longs are responsible for VA7's breach of either document's terms, and they are properly jointly and severally liable for the judgment in this case.

Helena, however, has not established its entitlement to the entirety of the pre-judgment interest it seeks. "State law governs the award of prejudgment interest in a diversity case." *See Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020) (internal quotation marks omitted).[2] By statute, then, an award of prejudgment interest is committed to the fact-finder's discretion. *See* Va. Code Ann. § 8.01-382; *Grubb v. Grubb*, 630 S.E.2d 746, 753 (Va.

---

[1] The record does not explain the $1,000 discrepancy between VA7's unpaid account balance and the amount agreed to in the Note.

[2] The court observes that all three of the relevant contracts in this case purport to be subject to Tennessee law. (*See* ECF No. 1-2, at 3; ECF No. 1-3, at 3; ECF No. 1-5, at 2.) However, no party has argued for the application of Tennessee law. Accordingly, the court deems any dispute over the appropriate law to apply waived; the court will apply Virginia law. *See Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 227 n.9 (4th Cir. 2019); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316–17 (3d Cir. 2014) ("All U.S. Courts of Appeals to have addressed the issue have held that choice-of-law issues may be waived.").

2006) (affirming trial court's partial denial of plaintiff's request for prejudgment interest). This discretion encompasses both "whether interest should be awarded, and from what date any interest should run." *Advanced Marine Enters., Inc. v. PRC Inc.*, 501 S.E.2d 148, 160 (4th Cir. 1998); *see* Va. Code Ann. § 8.01-382.

Helena requests prejudgment interest at a rate of 1.5% monthly from May 1, 2021, until the date of judgment. (ECF No. 1, at 8.) Instead, the court will award prejudgment interest at 12% per year from February 1, 2022, through the date of judgment. Once Helena and VA7 signed the Agreement, interest began accruing on whatever amount VA7 borrowed. (*See* ECF No. 1-2, at 3.) But this interest is reflected in the balance that the parties eventually refinanced into the Note. The court declines to award additional interest again on top of the 18% annual interest that has already accrued and been included in the Note's principal balance. *See, e.g.*, *Shepard v. Capitol Foundry of Va., Inc.*, 554 S.E.2d 72, 76 (Va. 2001) ("Prejudgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered."); *Marks v. Sanzo*, 345 S.E.2d 263, 267 (Va. 1986) (similar).

Additionally, the parties agreed that the Note would bear no interest until and unless Defendants missed a payment. (ECF No. 1-5, at 2.) Once Defendants did, on February 1, 2022, then the principal amount resumed accruing interest "at the maximum rate of interest allowed by applicable law." (*Id.*) The court finds this rate to be "12 percent per year" because the Note does not obviously qualify for any of the exceptions to the statutory maximum that the court has considered and because counsel has not identified any plausible alternatives. *See* Va. Code Ann. §§ 6.2-302 (setting appropriate interest rate), 6.2-303 (setting maximum interest

rate). At bottom, the court will award simple prejudgment interest at 12 percent per year from February 1, 2022, through the date of judgment.

The company's demand for post-judgment interest also slightly misses the mark. "[F]ederal law mandates the awarding of post judgment interest." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (en banc). Congress has codified the post-judgment interest rate. *See* 28 U.S.C. § 1961. Accordingly, the court will award post-judgment interest pursuant to 28 U.S.C. § 1961. *See, e.g., ExxonMobil Oil Corp. v. Black Stone Petroleum Inc.*, 221 F. Supp. 3d 755, 769 (E.D. Va. 2016); *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.*, No. TDC-15-0516, 2015 WL 6123523, at *3 (D. Md. Oct. 14, 2015).

Finally, the record supports Helena's demand for attorneys' fees and costs. Each of the Agreement, the Guaranty, and the Note make Helena's counterparty responsible for any attorneys' fees and costs incurred to enforce the documents. (*See* ECF No. 1-2, at 3; ECF No. 1-3, at 2; ECF No. 1-5, at 2). Helena's counsel attached an affidavit to this motion detailing her attorneys' fees and costs, which total $10,736.66. (*See* ECF No. 9-4, at 2.) The court finds that Helena's counsel is entitled to this relief under the terms of the operative contracts, and that these proposed amounts are fair and reasonable given the nature of the proceedings and counsel's involvement to date, as outlined in her submission to the court. Moreover, Defendants have not contested the requested attorney's fees. Accordingly, the court's default judgment will reflect fees and costs of $10,736.66.

## IV.   CONCLUSION

For the reasons discussed above, Helena's motion for default judgment (ECF No. 9) will be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties and all counsel of record.

**ENTERED** this 23rd day of June, 2022.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE